IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>PARIS MOFFETT,<br><br>    Defendant. / | No. CR-08-0200 MMC<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RELIEF UNDER 28 U.S.C. § 2241 AND/OR RULE 60(b)(3); DENYING CERTIFICATE OF APPEALABILITY** |

    Before the Court is defendant Paris Moffett's motion titled "Innocence Warrants Relief Under 28 U.S.C. § 2241 and/or Fed. R. Civ. Proc. 60(b)(3)," filed September 9, 2011. Having read and considered the motion, the Court rules as follows.

    On September 10, 2008, defendant pleaded guilty to Counts One and Two of the Superseding Information, which counts alleged, respectively, possession with intent to distribute crack cocaine and possession of a firearm in furtherance of a drug trafficking crime. On January 23, 2009, defendant was sentenced to 120 months in prison, and judgment was entered on February 2, 2009. By order filed January 3, 2011, the Court denied on the merits defendant's "Motion to Vacate, Set Aside or Correct Sentence Under Section 2255, of Title 28, United States Code," which motion was based on defendant's assertion that his trial counsel had provided him ineffective assistance.

//

By the instant motion, defendant asserts his conviction should be vacated for an additional reason, specifically, that the United States Attorney "has joined the ta[c]tics of the San Francisco Crime Lab in the most unconscionable atrocity out of this district." (See Def.'s Mot. at 2.) Based on said claim, defendant now seeks relief from the judgment pursuant to § 2241 and/or Rule 60(b)(3).

Defendant cannot establish he is entitled to relief under § 2241. In his plea agreement, defendant waived his right to collaterally challenge the judgment under, inter alia, § 2241, with the exception of a claim that he received ineffective assistance of counsel. (See Plea Agreement, filed September 10, 2008, ¶ 5 ("I agree to waive any right I may have to file any collateral attack on my convictions or sentence, including a petition under . . . 28 U.S.C. § 2241, . . . except for a claim that my constitutional right to the effective assistance of counsel was violated.").  The claim defendant now makes is not a claim that his right to effective assistance of counsel was violated. Consequently, even assuming defendant, in the absence of the above-referenced waiver, could establish the procedural propriety of the instant motion, see, e.g., Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir.2006) (setting forth limited circumstances under which federal prisoner may challenge conviction pursuant to § 2241), defendant has expressly waived his right to seek relief for his new claim under § 2241.

Further, defendant cannot establish he is entitled to relief under Rule 60(b)(3). Even assuming, arguendo, defendant's plea agreement could be construed as not containing a waiver of any right to challenge the judgment under Rule 60(b), and further assuming a district court can reconsider a criminal conviction pursuant to Rule 60(b), see United States v. Basurto-Espino, 2011 WL 738140, at *1 (E.D. Wash. 2011) (noting, "[t]he Court can find no precedent providing a district court, which has already sentenced a defendant and entered judgment, with jurisdiction to review an alleged unconstitutional criminal conviction and/or sentence under Rule 60(b)(1) or (6) – a civil rule"), defendant was required to bring a motion seeking relief under Rule 60(b)(3) "no more than a year after the entry of the judgment." See Fed. R. Civ. P. 60(c)(1). As noted, the judgment was entered on February

2

2, 2009, and, consequently, any motion for relief under Rule 60(b)(3) is time-barred.

Accordingly, defendant's motion, in all respects, is hereby DENIED.

Lastly, to the extent defendant may seek to appeal the instant order, a certificate of appealability is hereby DENIED, for the reason that defendant has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Dated: September 16, 2011

MAXINE M. CHESNEY
United States District Judge